UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LEE KIRBY,

        Plaintiff,

v.     CASE NO. 8:19-cv-1552-T-MCR

COMMISSIONER OF THE SOCIAL
SECURITY ADMINISTRATION,

        Defendant.
_____/

**MEMORANDUM OPINION AND ORDER[1]**

**THIS CAUSE** is before the Court on Plaintiff's appeal of an administrative decision denying his application for a period of disability and disability insurance benefits ("DIB"). Following an administrative hearing held on June 21, 2018, the assigned Administrative Law Judge ("ALJ") issued a decision, finding Plaintiff not disabled from February 16, 2016, the alleged disability onset date, through August 30, 2018, the date of the ALJ's decision.[2] (Tr. 14-26, 69-107, 239.)

In reaching the decision, the ALJ found that Plaintiff had the following severe impairments: degenerative disc disease of the lumbar and cervical spine, bilateral shoulder derangement, degenerative joint disease of the right knee with

---

[1] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. (Doc. 17.)

[2] Plaintiff had to establish disability on or before December 31, 2021, his date last insured, in order to be entitled to a period of disability and DIB. (Tr. 17.)

surgical intervention, diabetes mellitus with neuropathy, and obesity.  (Tr. 19-20.) The ALJ further found that Plaintiff had the residual functional capacity ("RFC") to perform a reduced range of light work.[3]  (Tr. 21.)  Then, after determining that Plaintiff was unable to perform any past relevant work, at the fifth and final step of the sequential evaluation process,[4] the ALJ found, based on the testimony of the Vocational Expert ("VE") and Plaintiff's age, education, work experience, and RFC, that there were jobs existing in significant numbers in the national economy that Plaintiff could perform.  (Tr. 24-25.)

Plaintiff is appealing the Commissioner's decision that he was not disabled from February 16, 2016 through August 30, 2018.  Plaintiff has exhausted his available administrative remedies and the case is properly before the Court.  Based on a review of the record, the briefs, and the applicable law, the Commissioner's decision is **REVERSED and REMANDED**.

I.   **Standard of Review**

The scope of this Court's review is limited to determining whether the Commissioner applied the correct legal standards, *McRoberts v. Bowen*, 841

---

[3] Specifically, the ALJ found that Plaintiff could perform light work, except:
[H]e can never climb ladders, ropes, or scaffolds, but can frequently climb ramps and stairs, kneel, crouch, and crawl and occasionally stoop.  The claimant can never reach overhead and can frequently handle, finger, and feel with the bilateral upper extremities.  He needs to avoid concentrated exposure to temperature extremes, vibrations, and hazards.  The claimant uses a cane for ambulation.
(Tr. 21.)

[4] The Commissioner employs a five-step process in determining disability.  *See* 20 C.F.R. § 404.1520(a)(4).

F.2d 1077, 1080 (11th Cir. 1988), and whether the Commissioner's findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971).  "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion."  *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004).  Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision.  *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991).  The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision.  *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995); *accord Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (stating the court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings).

**II.   Discussion**

Plaintiff contends that the VE's testimony does not constitute substantial evidence supporting the ALJ's decision because the hypothetical question to the VE was incomplete or vague for two reasons.  First, in the hypothetical question, the ALJ asked the VE to assume that Plaintiff could "[s]tand and walk 6 hours out of an 8-hour workday."  (Tr. 101.)  Plaintiff asserts the question was unclear as to whether he could: (a) stand and/or walk for a combined total of six hours in an

3

eight-hour workday, or (b) stand for six hours and walk for six hours in a given workday.  Second, Plaintiff points out that while in the hypothetical question, the ALJ asked the VE to assume that Plaintiff "may at times use a cane to ambulate" (Tr. 103), the ALJ's RFC assessment only provided that Plaintiff "uses a cane for ambulation" (Tr. 21).  In addition to the discrepancy in the language used in the hypothetical question and the RFC, Plaintiff points out that the phrase "may at times" is extremely vague.  Therefore, Plaintiff asks the Court to remand the case so the ALJ could present a clear and complete hypothetical question to the VE with respect to Plaintiff's use of a cane and standing/walking limitation.

      Defendant responds that the VE's testimony constitutes substantial evidence supporting the ALJ's decision because the hypothetical question incorporated all of the limitations in the ALJ's RFC assessment.  According to Defendant, "[t]he minor deviations in wording [that] Plaintiff identifies fail to establish any harmful error in the ALJ's ultimate finding."  (Doc. 27 at 1.)  Defendant explains that a "reasonable reading" of the VE's testimony indicates that the VE "assumed a need to use a cane when ambulating (versus while merely standing or balancing), as similarly understood by the ALJ and Plaintiff's counsel, and the omission of the words 'at times' from the RFC finding in the decision was at most a harmless clerical error."  (*Id.* at 7.)  Defendant adds that the restriction for standing and walking for six hours in the hypothetical question is consistent with the general characteristics of light work, which requires "standing or walking, off and on, for a total of approximately 6 hours of an 8-hour

4

workday." SSR 83-10.

The Court agrees with Plaintiff that the hypothetical question to the VE was vague, incomplete, and did not match the ALJ's RFC assessment; as such, the VE's testimony cannot constitute substantial evidence to support the ALJ's decision. Where a hypothetical question does not include all of a claimant's limitations, as assessed by the ALJ, a remand is required. *See Wilson v. Barnhart*, 284 F.3d 1219, 1227 (11th Cir. 2002) (per curiam); *see also Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1270 (11th Cir. 2007) ("In order for a vocational expert's testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments.").

Here, in the hypothetical question, the VE was asked to assume that Plaintiff "may at times use a cane to ambulate." (Tr. 103.) As Plaintiff points out, the phrase "at times" is vague as it does not quantify the amount or length of time that Plaintiff may need to use a cane to ambulate. Also, there is a difference in meaning between the phrase used in the RFC that Plaintiff "uses a cane for ambulation" (Tr. 21), which implies that Plaintiff regularly or always uses a cane for ambulation, and the phrase used in the hypothetical question that Plaintiff "may at times use a cane to ambulate" (Tr. 103), which implies the sporadic need to use a cane for ambulation only "at times." Although Defendant points out that the VE sought clarification at the hearing that the cane would be used solely for ambulation and not for standing or balancing (*see* Tr. 104), the clarification

obtained at the hearing does not remove the ambiguity identified above, whether or not the cane is used only for ambulation.  The fact remains that the hypothetical question included a vague phrase that was completely omitted from the RFC assessment, which states that Plaintiff "uses" rather than "may . . . use" a cane, thereby adding another layer of uncertainty as to what the ALJ intended to include as part of Plaintiff's limitations.[5]  (Tr. 21 (stating, in relevant part, that Plaintiff "uses a cane for ambulation").)  The Court cannot assume that the ALJ "intended" to incorporate the limitations included in the hypothetical question and that the ALJ's omission was "at most a harmless scrivener's error," as Defendant contends.  (Doc. 27 at 6.)

The Court also notes that the hypothetical question was vague as it asked the VE to assume that Plaintiff could "[s]tand and walk 6 hours out of an 8-hour workday." (Tr. 101.)  In light of the uncertainty and discrepancies identified above, the VE's testimony does not constitute substantial evidence to support the ALJ's decision.  Therefore, this case will be remanded for further proceedings. *Pendley v. Heckler*, 767 F.2d 1561, 1563 (11th Cir. 1985) (per curiam) (citations omitted); *Lance v. Colvin*, No: 6:15-cv-1411-Orl-DNF, 2017 WL 677664, *7 (M.D.

---

[5] The undersigned notes that the medical record is replete with references to severe neuropathy confirmed by EMG/NCS testing and causing sensory loss and balance problems; slow/irregular gait; abnormal tiptoe and heel walk; decreased sensation in both feet; muscle weakness, cramps, and joint pain; lower extremity numbness; moderate to severe pain in the spine, shoulders, neck, knees, legs, and feet; and decreased range of motion in the spine. (*See, e.g.*, Tr. 33-43, 54-65, 393-96, 398-400, 403, 407, 411-13, 452-58, 462-69, 471-73, 475-77, 489-90, 499-509, 519-42, 552, 560, 562-63, 595-604, 625-28, 634-38, 641-49, 654-56, 669, 755, 761-76, 771-72, 779-80, 796-98, 802-08, 818-20.)

Fla. Feb. 21, 2017) (rejecting Defendant's typographical error argument and remanding the case for further proceedings where the ALJ's RFC finding included greater limitations than those included in the hypothetical question).

Accordingly, it is **ORDERED**:

1. The Commissioner's decision is **REVERSED and REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g), with instructions to the ALJ to: (a) submit a complete and accurate hypothetical question to the VE, which includes all of Plaintiff's impairments; (b) consider all of Plaintiff's impairments in assessing the RFC; (c) determine what types of work, if any, Plaintiff can perform; and (d) conduct any further proceedings deemed appropriate.

2. The Clerk of Court is directed to enter judgment accordingly, terminate any pending motions, and close the file.

3. In the event that benefits are awarded on remand, any § 406(b) or § 1383(d)(2) fee application shall be filed within the parameters set forth by the Order entered in *In re: Procedures for Applying for Attorney's Fees Under 42 U.S.C. §§ 406(b) & 1383(d)(2)*, Case No.: 6:12-mc-124-Orl-22 (M.D. Fla. Nov. 13, 2012). This Order does not extend the time limits for filing a motion for attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412.

**DONE AND ORDERED** at Jacksonville, Florida, on September 14, 2020.

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record